UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

DAVID A. CROSSETT,

      Plaintiff,

      v.

STATE OF IDAHO; ADA COUNTY
SHERIFF'S DEPT.; DETECTIVE ASHLEY
HAGERMAN-TURNER; DETECTIVE
DANIEL WILKINS; IDAHO JUDICIAL
DEPARTMENT; JUDGE DERRICK O'NEILL;
ADA COUNTY PROSECUTOR'S OFFICE;
KAITLYN FARLEY; LUCY JUAREZ; COX
LAW; JON COX; ELCOX AND SALAZAR;
EDWINA ELCOX; KELON WATERS;
and JANE/JOHN DOES 1-50,

      Defendants.

Case No. 1:23-cv-00389-AKB

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

Pending before the Court are several motions filed by Plaintiff David A. Crossett, appearing pro se. Based on the expedited nature of Crossett's request under Federal Rule of Civil Procedure 65(b)(1) for a temporary restraining order (TRO),[1] the Court addresses his motions before responsive briefing and without oral argument. *See* Idaho Local District Rule 7.1(d)(1)(B) (providing for determination of motions without oral argument); Fed. R. Civ. P. 78(b) ("By rule or

---

[1] Crossett requests the Court issue an "ex parte preliminary injunction," citing Rule 65(a) providing for preliminary injunctions and stating he "noticed through summons all Defendants." (Dkt. 2 at ¶ 7). Although Crossett had the Clerk of the Court issue summons to each Defendant, he has not provided any proof that he served any Defendant with the summons, his complaint, or his motion seeking injunctive relief. *See* Fed. R. Civ. P. 5(b)(2) (providing requirements for effective service of process). Absent proof of service, the Court construes Crossett's motion as one under Rule 65(b)(1) for an ex parte temporary restraining order. *See* Fed. R. Civ. P. 65(b)(1) (providing for TRO without written or oral notice to adverse party).

**MEMORANDUM DECISION AND ORDER - 1**

order, the court may provide for submitting and determining motions on briefs, without oral hearings.").

## BACKGROUND

In December 2020, the State of Idaho indicted Crossett on six counts of sexual misconduct with a minor in Ada County Case No. CR01-20-42138. (**Dkt**. 1 at ¶ 38; Dkt. 2 at p. 3). In June 2023, a jury found Crossett guilty on five of the six counts. (Dkt. 1 at ¶ 44). After trial, Crossett proceeded with representation by a public defender. (*Id.* at ¶ 47). Presently, Crossett is scheduled to be sentenced in state court on September 29.

On September 6, 2023, Crossett filed a complaint against fourteen Defendants involved the state criminal prosecution against him including, for example, the State of Idaho, the Ada County Prosecutor's office, the trial court, and his former trial counsel. (*See id.* at ¶¶ 3-16) (identifying defendants). The crux of much of Crossett's complaint is that the trial court sustained the prosecution's objections to the admission of evidence regarding Crossett's disability, Asperger's, and to defense counsel's argument regarding that disability. Crossett complains his "Asperger's was not allowed to be brought up at all by anyone." (*Id.* at ¶ 45).

Crossett alleges that "before, during, and after the trial in June," Defendants violated his rights under the First, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; 42 U.S.C. § 1983; and Title II of the Americans With Disabilities Act, 42 U.S.C. § 12132. (*Id.* at ¶¶ 115, 119, 121). In addition to his complaint, Crossett filed an ex parte motion for preliminary injunction. (Dkt. 2). Crossett has also filed motions for an overlength brief, for a copy of the grand jury transcripts, for access to the federal court electronic filing system, and to seal certain "exhibits" which he lodged with this Court. (Dkts. 3-5, 7). For the reasons discussed below, this Court dismisses Crossett's complaint with prejudice and denies his motions as moot. *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 983 (9th Cir.2000) (ruling order granting motion to dismiss must be accompanied by leave to amend unless amendment would be futile).

## ANALYSIS

Crossett seeks federal court intervention into an ongoing state criminal proceeding. Specifically, he seeks immediate injunctive relief, arguing he should not be sentenced "if the trial was not fair or legal" and requests this Court enjoin his sentencing on September 29, 2023, in state court. (Dkt. 2 at p. 11). Further, he requests a declaratory judgment that Defendants violated his rights during the prosecution of the state criminal charges; he requests the jury's verdict be voided,

set aside, nullified, or overturned or that he receives a new trial; and he seeks monetary damages. (Dkt. 1 at ¶ VI(a), (b), (i)).

A federal court may raise the *Younger*[2] doctrine sua sponte. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000); *see also San Remo Hotel v. City & Cnty. of San Francisco*, 145 F.3d 1095, 1103 n.5 (9th Cir. 1998) (recognizing federal court power to raise *Younger* doctrine sua sponte). The *Younger* doctrine provides a federal court must refrain from enjoining a state criminal prosecution. *Younger v. Harris*, 401 U.S. 37, 45 (1971) ("[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not issue such injunctions."); *see also Sprint Comm., Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.").

*Younger* and its progeny "espouse a strong federal policy against federal-court interference with pending state judicial proceedings, absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 431 (1982). "That policy rests on notions of comity and respect for state functions and was born of the concern that federal court injunctions might unduly hamper state criminal prosecutions." *Champion Int'l Corp. v. Brown,* 731 F.2d 1406, 1408 (9th Cir. 1984). The doctrine requires a federal court to decline to exercise jurisdiction over the underlying claims for reasons of comity and to dismiss a case on jurisdictional grounds before examining the merits. *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1058 (9th Cir. 2016). Abstention is required regardless of whether the plaintiff seeks injunctive relief, declaratory relief, or monetary damages. *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) (abstaining from action seeking declaratory judgment and money damages under 42 U.S.C. § 1983).

Absent extraordinary circumstances, the *Younger* doctrine requires a federal court to abstain from exercising jurisdiction over an action if three factors are met: (1) an ongoing state judicial proceeding exists; (2) the proceeding implicates an important state interest; and (3) the plaintiff has an adequate opportunity in the state proceeding to raise the constitutional challenge. *Middlesex*, 457 U.S. at 432. "Extraordinary circumstances" exist if irreparable injury is both great and immediate; the state law is "flagrantly and patently violative of express constitutional

---

[2]      *Younger v. Harris*, 401 U.S. 37, 45 (1971).

**MEMORANDUM DECISION AND ORDER - 3**

prohibitions"; or "bad faith, harassment, or any other unusual circumstances that would call for equitable relief." *Younger*, 401 U.S. at 46, 53-54.

The Court finds all three *Younger* abstention factors are present. First, Crossett's criminal case is ongoing and will remain ongoing during the pendency of his appellate remedies in that case. *See Huffman v. Pursue, Ltd.*, 420 US 592, 608 (1975) ("[A] necessary concomitant of *Younger* is that a party in appellee's posture must exhaust his state appellate remedies before seeking relief in the District Court, unless he can bring himself within one of the exceptions specified in *Younger*."); *see also Edelbacher v. Calderon*, 160 F.3d 582, 587 (9th Cir. 1998) (holding *Younger* abstention applied after conviction but while resentencing proceedings were pending); *cf. Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (prohibiting federal action on claim for damages implying invalidity of conviction or sentence not reversed). Second, important state interests are at stake where criminal proceedings are involved, as discussed in *Younger*, 401 U.S. at 43-44.

Third, Crossett has an adequate opportunity to raise his federal constitutional challenges in state court. For example, Crossett's allegations that the trial court erred by refusing to allow argument or admit evidence regarding Crossett's Asperger's; his counsel was ineffective; and the prosecution was improper can all be addressed in state court.[3] Further, these and other issues which Crossett's complaint raises are inextricably intertwined with the ongoing state criminal proceedings. Finally, Crossett's allegations do not present extraordinary circumstances justifying an exception to the *Younger* doctrine. Accordingly, this Court finds abstaining from exercising jurisdiction over Crossett's case is appropriate.

## ORDER

**IT IS ORDERED that:**

1.     The Court **ABSTAINS** from exercising jurisdiction over this case. Accordingly, Plaintiff's Complaint for Civil Rights and Americans with Disabilities Act Violations (Dkt. 1) is **DISMISSED with prejudice.**

---

[3]     Crossett's allegations of a purported claim under Title II of the ADA fails to state an ADA claim because he does not allege that he was "excluded from participation in or denied the benefits of the services, programs, or activities of a public entity" or that he was "subject to discrimination by any such entity." 42 U.S.C. § 12132.

**MEMORANDUM DECISION AND ORDER - 4**

2.      Plaintiff's Ex Parte Motion for Preliminary Injunction (Dkt. 2) is **DENIED as moot**.

3.      Plaintiff's Motion to Exceed Length (Dkt. 3) is **DENIED as moot**.

4.      Plaintiff's Motion for Grand Jury Transcript is **DENIED as moot**.

5.      Plaintiff's Motion for Access to CM/ECF Filing System (Dkt. 5) is **DENIED**.

6.      Plaintiff's Motion to Seal (Dkt. 7) is **DENIED as moot**.


DATED: September 18, 2023

Amanda K. Brailsford
U.S. District Court Judge


**MEMORANDUM DECISION AND ORDER - 5**